# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HALE, et al., | Case No.: 1:15-CV-01042 DAD JLT |
| Plaintiffs, | ORDER AFTER FURTHER STATUS CONFERENCE |
| v. | |
| ENSIGN UNITED STATES DRILLING (CALIFORNIA) Inc., et al., | |
| Defendants. | |

The Court held a status conference on October 12, 2016. In advance of the conference, the parties submitted a lengthy joint statement setting forth disputes over certain requests for further production documents. (Doc. 50)  After reviewing the joint statement and considering the arguments of counsel, the Court finds that the bulk of the remaining requests do not address the limited issues raised in the pending motion for summary judgment. In particular, the Court disagrees that the overall conduct of the defendant related to its operations, its hiring and firing decisions, its decisions related to decreases in demand bear on whether the named plaintiffs were entitled to the protections of the WARN or Cal-WARN Acts. See, e.g., Meson v. GATX Tech. Servs. Corp., 507 F.3d 803 (4th Cir. 2007). Indeed, the Court has not and does not here preclude further discovery on a class-wide basis at the appropriate time. However, the class discovery will proceed *after* the discovery related to the issues raised in the pending motion has been completed and the motion decided. Therefore, the Court **ORDERS**:

1

1. The defendants **SHALL** produce their amended privilege log addressing *any* deficiency that currently exists in that document, no later than **October 14, 2016**;

2. As to requests for production numbers 3 through 9, no later than **October 24, 2016**, the defendants **SHALL** produce any communications not previously produced, between Ensign and their clients at Rigs 606 and 609, (as described on page 27, lines 20-22 of the parties' joint statement) or a statement certifying that no further documents exist;

3. As to requests for production numbers 3 through 9, the defendants **SHALL** produce all e-mails concerning Rigs 606 and 609 that were not sent to or received from personnel at Rigs 606 or 609 (as described generally on page 28, lines 9-11 of the parties' joint statement but expanded by the Court at the hearing to include hiring, firing layoff or other topics encompassed by the motion) or a statement certifying that no such documents exist, no later than **November 11, 2016**. <u>The Court expects all reasonable efforts to be taken to ensure one of these actions is completed by the deadline.</u> However, if one of these events has not occurred, no later than **November 11, 2016**, the defendants **SHALL** produce a written explanation to the plaintiffs' counsel and filed with the Court as to what action will occur and when it will occur.

4. As to requests for production numbers 11 through 13, no later than **October 24, 2016,** the defendants **SHALL** produce the organization chart (as described on page 31 lines 25-26 of the parties' joint statement) and any other documents not previously produced or a statement certifying that no further documents exist, that demonstrate the day-to-day control of the employees of Rigs 606 and 609;

5. As to requests for production numbers 13[1] through 14, no later than **October 24, 2016,** the defendants **SHALL** produce all documents relating to lodging and transportation expenditures for Rigs 606 and 609 (as described on page 33 lines 12-13 of the parties' joint statement);

6. As to requests for production number 23, no later than **October 24, 2016,** the defendants **SHALL** produce all documents, which also includes any relevant company policies, relating to the location where the interviews occurred, where reviews of employees occurred, where

---

[1] The joint reports references two production requests numbered "13." (Doc. 50 at 32 and 33) The Court adopts the same numbering here.

new-hire drug testing occurred and where training occurred for employees of Rigs 606 and 609;

7. Defendants **SHALL** produce any policies related to practices of billing Ensign's customers;

8. Counsel **SHALL** file a joint report no later than **December 1, 2016**, setting forth the current status of the matter and, as appropriate, a further schedule for completing this phase of discovery and a further briefing schedule for the pending dispositive motion;

9. The Court sets a further status conference on **December 5, 2016** at 8:30 a.m. Counsel may appear by telephone via the CourtCall service;

IT IS SO ORDERED.

Dated: **October 12, 2016**                **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE