UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'BRIAN RANGEL,<br><br>Plaintiff,<br><br>v.<br><br>ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC. and ENSIGN UNITED STATES DRILLING INC.,<br><br>Defendants. | No. 1:15-cv-01042-DAD-JLT<br><br>ORDER DENYING REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 70) |

On May 16, 2016, defendants Ensign United States Drilling (California) Inc. and Ensign United States Drilling Inc. filed a motion for summary judgment. (Doc. No. 35.) A hearing on that motion is currently scheduled for July 6, 2017. (*See* Doc. No. 72.) On May 22, 2017, plaintiff O'Brian Rangel submitted a request to seal documents related to his opposition to defendants' motion for summary judgment. Specifically, plaintiff requests that this court grant him leave to file the following documents under seal:

- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment;
- Declaration of Christopher J. Kupka, and all exhibits thereto;
- Updated Joint Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, or Alternatively, Partial Summary Judgment; and

1

- Plaintiff's Statement of Disputed Material Facts in Opposition to Motion for Summary Judgment, or Alternatively, Partial Summary Judgment.

(*See* Doc. No. 70.)

For the reasons set forth below, plaintiff's request for leave to file these documents under seal is denied without prejudice.

**LEGAL STANDARD**

There is strong presumption in favor of public access to court records. *See Phillips v. Gen Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with dispositive motions and non-dispositive motions. *See In re Midland Nat'l Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Kamakana*, 447 F.3d at 1172; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003); *Phillips*, 307 F.3d at 1213. In general, two standards govern requests to seal documents.

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted).

To demonstrate compelling reasons, as is required in connection with defendants' motion for summary judgment here, a party is "required to present articulable facts identifying the interests favoring continued secrecy, and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation marks, and emphasis omitted). The party seeking to seal a particular record bears the burden of meeting this standard. *Id.* at 1178; *Foltz*, 331 F.3d at 1135. "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1182 (internal citation,

quotation marks, and emphasis omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Solutions, Inc. v. Pintos*, 562 U.S. 1134 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely the good cause standard in addressing documents filed in connection with summary judgment motions).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*.

**DISCUSSION**

The court finds plaintiff's request for leave to seal documents is insufficient and fails to establish a compelling reason for secrecy. Plaintiff's request is based solely on the fact that the documents he plans to file under seal reference material produced and designated by the defendants as confidential material under the stipulated protective order entered in this case. Moreover, plaintiff notes that he takes no position regarding whether and which documents or portions thereof should be filed under seal. Plaintiff's showing does not rise to the level of "compelling reasons" sufficiently specific to bar public access to these documents. *See Kamakana*, 447 F.3d at 1182.

Moreover, any wholesale sealing can rarely be justified, especially in connection with a dispositive motion. To the extent the secrecy of certain documents referred to in the points and authorities and other documents filed in connection with plaintiff's anticipated opposition to defendants' summary judgment motion is warranted, the court suggests that the parties consider properly tailoring and limiting the request to file under seal to those materials for which "compelling reasons" for sealing can be demonstrated. In this regard, plaintiff may also consider publicly filing his legal submissions in redacted form in accordance with Local Rule 140, along

with a proposed order to seal the unredacted version in accordance with Local Rule 141.

**CONCLUSION**

For these reasons, plaintiff's request to seal documents is denied without prejudice to its renewal based upon a proper showing. *See* Local Rule 141(e). The court, however, also recognizes that defendants here are likely better situated to make the required showing for sealing than is plaintiff. To that end, the undersigned will only consider future requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to file documents that include material a separate producing party has identified as confidential and potentially subject to sealing, the filing party shall provide the producing party with sufficient notice in advance of filing to allow for the producing party to seek an order of sealing or redaction from the court. The parties should note that protective orders covering the discovery phase of litigation do not govern the filing of sealed or redacted documents on the public docket, which are instead governed by Local Rules 140 and 141.

IT IS SO ORDERED.

Dated: **June 2, 2017**

UNITED STATES DISTRICT JUDGE